Rinaldi versus HSBC, Ms. Nora, yes. If it please the court, I would like to reserve five minutes for rebuttal. Sure. Thank you. Um, we're here on the Rinaldi's appeals from the opinion and order of Susan V. Kelly, judge of the bankruptcy court for the Eastern district of Wisconsin, in which she dismissed their adversary proceeding in the same opinion and order which under court proceeding authority, she granted the plaintiffs. I'm sorry. I have to apologize to the court. I'm not in my usual best condition. Um, granted a Wells Fargo's pretextual party, which is HSBC bank, and USA as trustee of a certain trust, um, which she could not identify for certain which trust this was. Uh, she granted, um, their proof of claim over the Rinaldi's objection. The Rinaldi's concerns were based on evidence that they had in their possession  of the note, which was the subject of the standing of the claimed party were inauthentic and were alleged to be forgeries in the complaint in the adversary proceeding. No evidentiary hearing was ever allowed to which the Rinaldi's believe that they were entitled in their objection to proof of claim because their response to the objection to proof of claim raised evidentiary issues, including the standing of the purported party as trustee of a certain trust. We are unable to proceed on the objection to the proof of claim except as it is the overall validity of the opinion and order your honors, because the Rinaldi's bankruptcy case has been dismissed and there is no issue to which, um, the bankruptcy for which it can be remanded to bankruptcy. However, because the opinion and order has been published and is circulated as lawful authority, it's important that this court look at the reasoning that was adopted and we urged the court to remand the adversary proceeding to the Eastern District of Wisconsin for further proceedings in light of the dismissal being adopted as findings of the Eastern District of Wisconsin. Key questions that the plaintiffs have for this court and they, and there's a plaintiffs in the adversary proceeding, which are the Rinaldi's appellants herein. How can this court uphold a decision of the Eastern District of Wisconsin finding that the payer on a negotiable instrument, Mr. Rinaldi does not have standing to challenge the authenticity of that payment or alternatively for the surrender of the collateral? We think that there's an Erie V. Tompkins error at play here because the Wisconsin law is applicable to the determinations to be made by the bankruptcy court and the bankruptcy court relied on 403.308 sub one of the Wisconsin statutes, which appears to be a an evidentiary burden of proof instruction that the party challenging the validity of an endorsement has the burden of going forward and proving that the endorsement is not authentic and the terms of authenticity, um, and forgery are set forth in the Wisconsin definitions. I don't recall seeing a site to Erie V. Tompkins in your brief. Did I overlook it? Your honor? Um, I, or even that argument without reference to the case. I believe that when we're arguing that state law should be applied, that that is the Erie argument. I just associated it. It was certainly, it was certainly raised before the district court and in seeking reconsideration. If we simply said that this is a, you know, in violation of Wisconsin law, I think it's implied. Oh, thank you. Your honor. Anyway, there are a couple of other things. The Wells Fargo home mortgage attorneys foreclosure manual version one revision three was discovered after the dismissal. We attempted to put that in to show that the Rico allegations were more than simply plausible under Ashcroft v. Iqbal and ballot landing versus Twombly, but there was substantial evidence other outside of even the Rinaldi's knowledge of the proceedings in state court and the various documents that were being produced at various times. And 403.201 is the Wisconsin statute on negotiation of notes. And 403.301 is the Wisconsin law for enforcement of notes. And then in Dow versus P H H P H H mortgage company, the Supreme court of Wisconsin on July 10th, 2014. I understand you. And I just wanted to lay out where, where we're trying to go with this to 2013. AP two 21 indicates that the equitable assignment of a mortgage must be shown under 409.203 sub seven, which requires that 409.203 sub two be construed in peri materia that requires steps that were never considered in this case. Thank you. Okay. Thank you, Ms. Norris. Uh, Ms. Dykeman. May it please the court. My name is Stephanie Dykeman. I am here today representing a Pelley's HSBC bank, Wells Fargo bank, Wells Fargo asset securities corporation, Litchfield Cavo and attorney Brad Marquardt. I'll refer to these defendants as the bank defendants in my argument. The bank defendants have been involved in protracted litigation with the Rinaldi's and they're now counsel attorney Nora since 2009. They faced meritless allegations and flammatory allegations and baseless motions that have failed at every turn in a foreclosure proceeding and a pending action in Kenosha County and the bankruptcy proceeding and the adversary proceeding and the district court proceedings. And now before this court on appeal, we discussed the history of the litigation in detail in our briefs and due to the limited time, I won't get into those details here today. I do want to draw the court's attention to a couple of issues that could not have been addressed in the briefs. The Rinaldi's and attorney Nora continue their delay tactics in an effort to gum up the litigation. Even in this appeal, they've requested seven extensions of time in this appeal alone. And most recently attorney Nora moved to continue these proceedings today due to a temporary medical condition. This excuse is not new to attorney Nora. It was addressed in her own case in Ray Nora in case in which she claimed a medical disability prevented her from proceeding in that case. She requested an extension of time indefinitely and the court noted that she was actively litigating other cases despite her professed total disability. The same thing has happened in this case with respect to the motion to continue these proceedings today. Despite her claim, temporary medical disability attorney Nora has continued to litigate cases despite the restrictions she claimed she had in Polk County, Wisconsin, Dane County, Wisconsin, before this court, in the bankruptcy court in Minnesota and others. This pattern of conduct is telling regarding the integrity of the arguments on the merits and it's conduct that the court questioned in another case in which attorney Nora was involved, PNC versus Spencer. I do want to address a case that was submitted after the briefing by attorney Nora with respect to the Rinaldi's argument that a RICO claim may stand against a foreclosing bank and its counsel. She submitted after briefing the Slorp versus Lerner case, an unpublished decision from the sixth circuit. I want to highlight one significant difference from the Slorp decision that was not addressed in attorney Nora's submission. In that case, the court noted that to be sure Slorp's injuries arising from a RICO violation would vanish if the defendants proved that the foreclosing bank was a legitimate mortgagee. There was no determination in that case that the note was a valid and enforceable note. In our case, there has been a determination as it relates to claim number six that the note is valid and enforceable by HSBC. Attorney Nora has conceded that the appeal of claim number six is now moot due to the dismissal of the bankruptcy at the invitation of the Rinaldi's and with eyes wide open as to the preclusive effect that the dismissal of the bankruptcy may have on the issues surrounding claim number six. We are just court to allow claim number six and the issues surrounding it to be the law of the case. The district court may properly rely on that public record despite the motion to dismiss without converting it into a summary judgment motion. It's horn book law that a court can rely on public record information and dismiss. Having a valid and enforceable note of mortgage is a very different situation than the situation in Slorp and therefore the RICO claim cannot stand against the bank defendants in this case. Attorney Nora also fails to address with respect to the RICO claim the other bases for the court's dismissal, including their failure to plead the claim with particularity, including the fact that there's only singular transaction alleged and including the fact that the Rinaldi's failed to allege damages. Judge Stottmuller wrote a longish opinion, 21 pages and issued several orders after that. Are there any issues raised by the appellant that he did not discuss? I don't believe there are issues raised by the appellant that he did not discuss, your honor. The court initially found that the Rinaldi's have waived all issues on appeal and have also waived their objections for failure to comply with procedural rules. The appeal of claim number six, as we discussed, is moot, but I would also note that the Rinaldi's failed to set forth issues on appeal, on the appeal from the bankruptcy court to the district court, waiving all their issues and the same holds true with the objections. They failed to comply with procedural requirements, including identifying the specific proposed findings to the district court on dismissal of the adversary complaint and in so doing waive those issues and this court must grant deference on that discretionary decision by the district court. With that, I'll concede my time to attorney Fiedler. Okay. Thank you. Thank you, your honor. Mr. Fiedler. Good morning. I represent the great defendants in this matter. The district court got its decision right, like the bankruptcy court did before it and the Kenosha County, Wisconsin court did before that for many reasons. I plan to discuss a couple of them today. First, the adversary proceeding was properly dismissed because it was claim precluded. Wisconsin law of claim preclusion applies here. The parties and privies are the same in both cases. Their identity between causes, between the causes of action in both cases, perhaps the most difficult. Wasn't the Kenosha County judgment vacated in favor of an amended loan agreement? Yes, your honor. It was. So how can it have preclusive effect? Well, there's a court of appeals case in Wisconsin that directly addresses this point. It's on point. It's called Kowski. We cited it in our materials. Wasn't that a case in which the mortgage was paid off? Not, not modified. It was paid off. Yes. I don't think that there is much of a difference between agreeing to pay off a mortgage and paying off a mortgage. Certainly it doesn't apply in this case to differentiate the two. The fact of the matter was in Kowski, the reasoning was that the payment was made because the underlying foreclosure had established the rights of the parties. Similarly here, because the rights of the parties were established by the foreclosure judgment, that's what prompted the modified loan agreement. And so because the reasoning is the same or applies the same in both cases, I don't think there's a much of a reason to differentiate either one. I think Kowski applies here. So claim preclusion applies. There are in all these. Your Erie V. Tompkins argument that Ms. Nora made, I'm confused. Where does that come from? I, to be honest, your honor, I don't know. I hadn't, I hadn't heard it before today. I had the same question you did. I hadn't heard it and so I'm unprepared to talk about it. If you'd like, I'd be happy to address it later. That's fine. In this regard, the Rinaldi's argue that the endorsement in blank appeared after the foreclosure action in the state court case. That's irrelevant for purposes of claim preclusion unless because that's an attack on the underlying foreclosure judgment. So unless this court is going to sit in review of the underlying foreclosure judgment, when that endorsement in blank appeared is irrelevant. You can still apply claim preclusion. The second reason the district court got it right in dismissing the adversary proceeding was that all these claims are time barred. The foreclosure complaint was filed and served in February of 2009. The complaint in this case was filed in June of 2012, about three and a half years later. The FDCPA statute of limitations is one year. All the intentional tort claims are two years in Wisconsin. They're simply barred by the running of the statute of limitations. Next, the court, if you get this far, the court got its decision on the proof of claim right also for two reasons. First, the note everybody agrees is endorsed in blank. Everybody agrees that Mr. Rinaldi signed the note and the Rinaldi's don't dispute that HSBC currently holds the note. So, because of those facts, the Rinaldi's questions that Ms. Nora referred to earlier are all answered by the Wisconsin statutes. The Rinaldi's are not able to challenge the endorsement under the Wisconsin version of the UCC, and the various assignments of mortgage that are argued at various points by the Rinaldi's are irrelevant in this case. The Dow case that Ms. Nora cited and that we cited in our brief just came down in July of 2014, the Wisconsin Supreme Court said the doctrine of equitable assignment is alive and well in Wisconsin. And that means that the mortgages travel with the note. HSBC holds the note and, therefore, is entitled to enforce the mortgages. Unless there are any questions, I thank the court for the opportunity to address it, and we ask that you would uphold the decision of the district court. Thank you, Mr. Fiedler. Well, Ms. Nora, how much time does she have left? Two minutes? Two minutes. First of all, I'd like to address the difference between the disabling condition from which I suffered in Ree Nora way back when. That was from one car accident, and I was actually unable to work. All the court found that I had done was converted my own Chapter 13 to a Chapter 11, which is filling out a form. That was all that I did during the relevant time period here. I'm not claiming disability. I'm claiming a slight cognitive impairment, which is making my choice of words more delayed than ordinarily. I just wanted to make my best appearance here today. Also, the trembling, that's because of the pinched nerve in my back, which I have not been treating as effectively as I should have with my chiropractor. But in Ree Nora and the statements that I made in support of getting a two-week postponement so that I could get more medical treatment are completely unrelated, different car accident. Unfortunately, September 13th of this year, I was rear-ended, as may have been apparent from my chiropractor's report on that. The attack on my character is so irrelevant to the assertions being made in the Rinaldi's case. You are hearing for the first time, I believe, that we've conceded that HSBC is the holder of the note. There is no evidence that HSBC is the holder of the note. That was never allowed to be heard. In our adversary proceeding, we were claiming that the image of the note that was produced in the bankruptcy case was a forgery. If the party holds a forgery, that is not holding, but we never conceded that HSBC was the party that held it. Well, what evidence did you present that it was a forgery? How could we present evidence, Your Honor? We made allegations, as we're allowed to do in the complaint, which are to be held to be true until there is an evidentiary proceeding as in summary judgment. But what were we... But isn't the forgery charge a fraud charge? It is, Your Honor. Yes. Well, you know, fraud is supposed to be pleaded with particularity. Absolutely. You pleaded fraud upon information and belief. That is forbidden. That is not a basis for a fraud plea. Your Honor, I do not think... In fact, your brief does not address most of the findings of the district court, including failure to comply with all sorts of procedural rules. You don't address that. You don't address that. If it pleased the court, we do not believe that... You ignore most of the findings, most of the rulings by the district court about your violations of procedural rules. You don't mention them in your brief. Your Honor, our position is that those were de minimis and that we did, in fact, comply.  The question is whether they were timely objected to. And we had only limited number of words that we could use to go to the substantive issues of this case. And if the court does not want to consider the substance of this case because of technical deficiencies in perfecting the appeal, this court has the authority to do that. We are only here because we think it's important for this court to make sure that what the Eastern District Court did, and it does not have to just simply adopt findings, it has an independent obligation to determine that the findings it is going to enforce are valid as a matter of law. And as a matter of law, it is impossible for the payer of a note not to have standing to challenge its authenticity.  And that's why we attached the actual documents, which were identified as the documents that gave rise to the pleadings. If we had some allegations on information and belief, that was only because in those areas we were still going to seek discovery. But I do not believe that the... No, that's not permitted when you're charged... You cannot simply throw a fraud charge at a defendant and say that, well, I don't have any, you know, evidence now, but when I conduct discovery, maybe I'll obtain evidence. I don't think that's what we didn't... Let me ask you another question. I do want to say this... No, look, your time has expired. We have scheduled a hearing for you this afternoon at 2.30 with regard to issues of sanctions. Are you going to attend? I mean, do you feel up to it, to attending this? Your Honor, I will do my best, as I have here this morning. Okay, thanks. But if I could just have one more minute on this. This is the very first time that I have heard from anyone, and I understand this is a very learned court, but no one has ever said what you just said about the allegations being on information and belief. Most of the allegations for fraud and RICO are on personal knowledge and with documents attached to the two versions of the complaint. Thank you, Your Honor. Okay, well, thank you, and thank you to Mr. Fiedler and Ms. Steichman. So, move forward.